IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
APR 4 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. NO. 2:07-CR-76-WHA |
| v. | [18 U.S.C. § 922(g)(1)] |
| ANTHONY NAKIA SANDERSON | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about October 6, 2006, in Montgomery County, within the Middle District of Alabama,

**ANTHONY NAKIA SANDERSON,**

having been convicted of Manslaughter in the Circuit Court of Montgomery County, Alabama, Case No. CC-00-1434, on or about March 26, 2001–an offense which is punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama–did knowingly possess in and affecting commerce the following:

(a) a Glock, Model 23, .40 Caliber Pistol, a better description of which is unknown to the Grand Jury; and

(b) Eight rounds of Hornady .40 caliber S&W ammunition, a better description of which is unknown to the Grand Jury.

All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A. Count 1 of this indictment is hereby repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment, the defendant,

**ANTHONY NAKIA SANDERSON,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

    (a) a Glock, Model 23, .40 Caliber Pistol, a better description of which is unknown to the Grand Jury; and

    (b) Eight rounds of Hornady .40 caliber S&W ammunition, a better description of which is unknown to the Grand Jury.

C. If the property described in this forfeiture allegation, as a result of any act an omission of the defendant

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred and sold to, and deposited with a third person;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to Title 21, United States Code, Section 853 as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of the defendant up to the value of any property described in paragraph B above, all in violation of Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
JOHN T. HARMON
Assistant United States Attorney

_____
CHRISTOPHER A. SNYDER
Assistant United States Attorney